# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROCHELLE EVANS-MITCHELL, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> BRETT HEALY, et al., ) <br> ) <br> Defendants. ) | Case no. 4:17cv00276 PLC |

## MEMORANDUM AND ORDER

This matter is before the Court on a motion to remand [ECF No. 13] filed by Plaintiffs Rochelle Evans-Mitchell and Laudell Gatlin-Bey. By their motion, Plaintiffs request the Court to remand the case to the state court from which it was removed, the 22nd Judicial Circuit. Plaintiffs also ask the Court "to award Plaintiffs court costs, expenses and attorney's fees incurred in bringing this motion, pursuant to 28 U.S.C. [§] 1447(c)." In response, Defendants Brett Healy and Walt's Drive-A-Way Service, Inc. consent to remand and state "Plaintiffs have agreed, in writing, to withdraw and waive their request for costs pursuant to 28 U.S.C. § 1447." [ECF No. 15.]

### Background

This case arises out of a motor vehicle collision in the City of St. Louis during which Defendant Healy, an employee of Defendant Drive-A-Way, drove a vehicle into the lane Plaintiffs were in, allegedly striking Plaintiffs' vehicle and causing Plaintiffs' injuries and property damage. (See Pls.' Pet'n [ECF No. 7].) Plaintiffs seek damages in Count I based on Defendant Healy's alleged negligence and in Count II based on Defendant Drive-A-Way's alleged negligence. (Pls.' Pet'n at 3-4.) Additionally, Plaintiffs request monetary relief from

both Defendants in Count III on the ground the accident occurred while Defendant Healy acted in the course and scope of his employment with Defendant Drive-A-Way. (Id. at 5.)

Plaintiffs filed their petition in the Circuit Court of the City of St. Louis, Missouri. Plaintiffs alleged they are citizens of Missouri and Defendants are citizens of Indiana. (Pet'n ¶¶ 2, 3.) With regard to their damages, Plaintiffs alleged each "suffered injuries to [the] neck, back and mental trauma[,] . . . property damage, past and future medical expenses, mental anguish, lost opportunities, pain and suffering, and loss of enjoyment of life." (Pls.' Pet'n ¶¶ 13, 14, 15, 21.) Plaintiffs prayed for:

> judgment against [each Defendant] for a reasonable sum of money in excess of Twenty-Five Thousand Dollars ($25,000.00) that will fairly and reasonably compensate Plaintiffs for their injuries and damages; for their costs herein expended and incurred; for prejudgment interest; and for such other and further relief as the Court deems just and proper.

(Pls.' Pet'n "Wherefore" Para. at 5.)

Defendants removed the lawsuit pursuant to 28 U.S.C. § 1441 on the basis of the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Defs.' Notice of Removal ¶ 8 [ECF No. 1].) Defendants asserted the lawsuit "was between citizens of different states and the [amount] in controversy exceeds the sum of $75,000.00 exclusive of interest and costs." Id. In support of removal, Defendants stated Plaintiffs were citizens of Missouri and Defendants were citizens of Indiana, and Defendants had "a good faith belief . . . that the amount of damages sought by at least one Plaintiff individually exceeds $75,000.00, exclusive of costs and interest." (Defs.' Notice of Removal ¶¶ 6, 7.)

Plaintiffs move to remand on the grounds that their petition does not specify, and Defendants have not proved, that the case involves an amount of damages exceeding the more-than-$75,000.00 minimum required for the Court to exercise diversity jurisdiction. (Pls.' Mot.

Remand [ECF No. 13] and Mem. Supp. [ECF No. 14].) In support of their argument that they seek less than the $75,000.00 minimum, Plaintiffs filed an affidavit averring that Plaintiffs and their attorney "will not seek more than $75,00.00 in damages, including attorney's fees, in this matter," "will not accept any money awarded in excess of $75,000.00 and will therefore waive any amount awarded over and above $75,000.00." (Aff. attached to Pls.' Mot. Remand [ECF No. 13-1].) Plaintiffs urge the Court to consider Plaintiffs' affidavit because it clarifies the amount in controversy, citing Jackson v. Fitness Resource Group, Inc., No. 4:12CV0986 DDN, 2012 WL 2873668 (E.D. Mo. July 12, 2012). In addition to remand, Plaintiffs seek an award of "court costs, expenses and attorney's fees incurred" in pursuing their motion to remand. See 28 U.S.C. 1447(c).

Defendants consent to the remand due to Plaintiffs' filing of "their notarized stipulation limiting damages to less than the applicable amount in controversy." (Defs.' Notice of Consent to Pls.' Mot. Remand ¶¶ 3, 4 [ECF No. 15].) Additionally, Defendants state "Plaintiffs have agreed, in writing, to withdraw and waive their request for costs pursuant to 28 U.S.C. § 1447." (Id. ¶ 5.)

**Discussion**

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a). A federal court has original diversity jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). A federal court's jurisdiction is measured at the time of filing, or, for a removed case, at the time of removal. See Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 822-23 (8th Cir. 2011).

A defendant's removal notice "need not contain evidentiary submissions." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 551 (2014). In the Eighth Circuit, however, a party seeking to remove a case not involving the Class Action Fairness Act "has the burden to prove the requisite amount [for diversity jurisdiction] by a preponderance of the evidence." Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009) (internal quotation marks omitted) (quoting Advance Am. Servicing of Ark., Inc. v. McGinnis, 526 F.3d 1170, 1173 (8th Cir. 2008)); see also 28 U.S.C. § 1446(c)(2)(B).

While post-removal events "do not oust the district court's jurisdiction once it has attached," St. Paul Mercury Indem. Co. v. Red Cab. Co., 303 U.S. 283, 292 (1938), the court may consider subsequent events showing "that, in fact, the required amount was or was not in controversy at the" time federal court jurisdiction was invoked, Schubert, 649 F.3d at 823 (internal quotation marks omitted) (quoting State Farm Mut. Auto Ins. Co. v. Powell, 87 F.3d 93, 97 (3rd Cir. 1996)). Post-removal affidavits may, therefore, be considered to resolve whether the district court has jurisdiction. Pudlowski v. The St. Louis Rams, LLC, 829 F.3d 963 (8th Cir. 2016) (per curiam).

In Jackson, the court concluded the petition, in which the plaintiff sought damages "in excess of $25,000.00," left "an open question whether or not the amount in controversy was sufficient for diversity jurisdiction," and the requisite amount was not satisfied by the nature of the plaintiff's breach of contract claim. Jackson, 2012 WL 2873668, at * 5. After considering the plaintiff's post-removal affidavit, in which the plaintiff agreed to limit his recovery to $75,000.00, and a demand letter the plaintiff had sent the defendant in which the plaintiff had requested an amount around $78,000.00, the court concluded the issue was "close [but the]

defendant ha[d] not satisfied its burden." Id. The court remanded the lawsuit to the state court for lack of subject matter jurisdiction due to the amount in controversy. Id. at *6.

Here, Plaintiffs' petition does not clearly specify that Plaintiffs seek more than $75,000 in damages, either in an allegation supporting each claim or in the "Wherefore" paragraph. Moreover, the nature of Plaintiffs' negligence claims resulting from a motor vehicle accident does not explicitly identify the amount in controversy. Plaintiffs' unopposed post-removal affidavit is the only material in the record that clearly demonstrates the amount in controversy. The affidavit expressly limits Plaintiffs' recovery, including any attorney's fees that may be awarded, to less than $75,000.00. The affidavit establishes that the amount-in-controversy requirement for the Court's diversity jurisdiction was not satisfied at the time of removal.

Under the circumstances, the Court remands the case to the 22nd Judicial Circuit due to lack of subject matter jurisdiction, and denies Plaintiffs' request for court costs, expenses and attorney's fees related to the motion to remand.

After careful consideration,

**IT IS HEREBY ORDERED** that, due to lack of subject matter jurisdiction, Plaintiffs' motion to remand [ECF No. 13] is **GRANTED** with respect to the request for remand.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to remand is **DENIED** with respect to the request for an award of court costs, expenses and attorney's fees.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri, under 28 U.S.C. § 1447(c).

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of March, 2017.